IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON SEBASTIAN BATTISTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-1227 |
| ) | |
| MARTIN O'MALLEY,[1] ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 6th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income ("SSI") under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]  Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to include all of the functional limitations caused by his urinary incontinence in formulating his residual functional capacity ("RFC"). The Court disagrees and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff asserts that the ALJ failed to account for his own subjective testimony and the treatment record and opinion of John Horne, M.D., in determining what limitations should be included in the RFC to account for his urinary incontinence. In the RFC determination, the ALJ restricted Plaintiff to jobs allowing access to a bathroom during the customary 15-minute morning and afternoon breaks and the customary half-hour lunch break, as well as during three five-minute breaks in addition to these regularly scheduled breaks. (R. 18). Plaintiff contends that this finding understates both the frequency and the duration of the restroom breaks he would need to accommodate his condition. The Court disagrees.

As to the frequency of the bathroom breaks Plaintiff would need, the ALJ acknowledged and found less than fully credible Plaintiff's testimony at the second administrative hearing that he needed to use a restroom approximately every 30 minutes. (R. 19, 86-87). An ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, although that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing S.S.R. 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining S.S.R. 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character"). The manner of the evaluation, though, remains unchanged in most ways, and many concepts that applied when the evaluation was considered to be one of credibility continue to apply now. This includes the significant deference given to an ALJ's evaluation of a claimant's subjective testimony. *See Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))). Such deference is warranted here, given Plaintiff's testimony at the first administrative hearing that he needs to use the restroom "on an hourly basis" (R. 66) and given that not even the medical evidence upon which Plaintiff relies, including that from Dr. Horne, calls for the need for breaks every half hour.

Plaintiff points out, nonetheless, that Dr. Horne indicated in his treatment notes that Plaintiff need to use a restroom "nearly every hour." (Doc. No. 10, p. 20 (citing R. 2066-68, 2089-90, 2094-95, 2108-10)). Plaintiff further notes that, in the Physical Capabilities Evaluation he completed, Dr. Horne indicated that Plaintiff needed rest periods "frequently." (R. 2104). He argues that this at least supports his testimony that he requires a restroom break every hour. However, a restroom break every hour equates to seven restroom breaks during an eight-hour workday. The RFC as crafted by the ALJ allowed for six breaks, including during a 30-minute lunch break that could include multiple bathroom breaks. This is arguably entirely consistent with Dr. Horne's statements that

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

---

Plaintiff used a restroom ***nearly*** every hour and his opinion that he needed ***frequent*** breaks.  In any event, the vocational expert ("VE") at the second hearing expressly testified that hourly five-minute bathroom breaks would not prevent Plaintiff from performing the identified occupations. (R. 102).  Therefore, the Court finds adequate record support for the ALJ's findings about the frequency of Plaintiff's need for restroom breaks.

As noted, though, Plaintiff also disagrees with the ALJ's finding that his bathroom breaks would last only five minutes, arguing that his testimony and Dr. Horne's treatment records demonstrate the need for such breaks to be up to 10 minutes long.  This is a relevant distinction, as the VE at the second hearing did testify that hourly five-minute breaks would not preclude work, but that hourly 10-minute breaks would. (R. 101-03).  However, the Court finds that the ALJ was supported by substantial evidence in this determination as well.  First, nothing in Dr. Horne's records suggests any specific length of time that would be required for Plaintiff's bathroom breaks.  Further, Plaintiff's testimony at the first hearing suggested that it can take up to ten minutes (R. 66), but as noted, the ALJ did not fully credit his testimony.  Moreover, Plaintiff's testimony did not clearly state that every break would take that long.  When asked how long he spends in the bathroom to urinate, he said:

> Well, usually it's I want to say ten minutes because I have to – I can't be standing up before.  So, I have to sit down.  Depending on the bathroom or where I'm at, you know what I mean, it might take me a minute because I'm rushing because I got to get in there."

(*Id.*).  This testimony suggests that sometimes it can take up to ten minutes, but that it can also take considerably less time given the circumstances.  As discussed, the ALJ allowed for three five-minute additional bathroom breaks, but also for access to a bathroom during the 15-minute regular breaks and half-hour lunch.  Therefore, half the allowable breaks in the RFC could be longer than 10 minutes if necessary which is arguably consistent with Plaintiff's testimony even if it were fully credited on this point.  Regardless, an ALJ is not under an obligation to simply accept what the claimant said without question, and as discussed, the ALJ's consideration of Plaintiff's subjective testimony was sufficient here.  *See* 20 C.F.R. § 416.929(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011).

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision.  It will therefore affirm.